IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT TAYLOR,<br>   Petitioner,<br><br>   v.<br><br>THE COMMONWEALTH OF<br>PENNSYLVANIA, et al.,<br><br>   Respondents. | : <br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION NO. 17-CV-3368 and<br>17-CV-3369 |

FILED
OCT 11 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

ORDER

Petitioner filed a "Complaint/Petition Jurisdiction" in each of these matters on July 27, 2017. In both petitions he asserts, *inter alia*, that he is being detained unlawfully and that the conditions of his confinement violate the United States Constitution. He seeks release from custody and compensation for alleged civil rights violations.

The pleadings are defective in several respects and must be dismissed. Petitioner may only challenge the lawfulness of his detention pursuant to a properly filed petition for *habeas corpus* relief in which he asserts a claim(s) that his detention is unconstitutional.[1] If Petitioner seeks to challenge pre-trial detention he must file a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2241. To challenge the validity of a state court conviction or sentence he must file a petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254.

In order to assert claims for civil rights violations Petitioner must file a civil complaint pursuant to 42 U.S.C. § 1983. He should note that prisoners may only seek relief pursuant to either a petition for *habeas corpus* relief or pursuant to a civil rights complaint. *See Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303 (2004). He may not file a combined or consolidated petition seeking alternative or consolidated remedies. In *Muhammad* the Supreme Court held that

---

[1] The petitions must be filed on this court's current forms. Petitioner must pay the $5.00 filing fee or seek leave to file in *forma pauperis* on a properly certified application.

"[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus ... requests for relief turning on circumstances of confinement may be presented in a§ 1983 [or *Bivens*] action. *Id.*

In *Leamer v. Fauver,* 288 F.3d 532 (3d Cir. 2002), the Court of Appeals specified:

> [W]henever the challenge ultimately attacks the 'core of the habeas'-the validity of the continued conviction or the fact or length of the sentence-a challenge, however denominated and regardless of the relief sought, must be brought by way of habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiffs favor would not alter his sentence or undo his conviction, an action under§ 1983 is appropriate .*Id.* at 542.

Therefore, Petitioner's pleading will be dismissed.

**AND NOW,** this 11th day of October 2017, **IT IS HEREBY ORDERED** that:

1. The petitions filed in these matters are **DISMISSED** without prejudice to Petitioner filing petition for *habeas corpus* relief or a civil rights complaint;

2. The Clerk of Court shall provide Petitioner with this Court's current forms for filing a petition for *habeas corpus* relief pursuant to 28 U.S.C. §§ 2241 and 2254, for filing a civil rights complaint, and applications to proceed *in forma pauperis* for filing each of the respective forms;

3. The Clerk of Court shall close these matter for all purposes, including statistics; and

4. There is no cause to issue a certificate of appealability.

*Joel Slomsky*
JOEL H. SLOMSKY, J.

2