CLD-120                                                February 7, 2018

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **17-3507**

ROBERT TAYLOR, Appellant

    VS.

DISTRICT ATTORNEY PHILADELPHIA, ET AL.

  (E.D. Pa. Civ. No. 2-17-cv-03369)

Present:    CHAGARES, GREENAWAY, JR. and GREENBERG, Circuit Judges

    Submitted are:

(1) By the Clerk is the within appeal for possible summary action under 3rd Cir. LAR 27.4 and Chapter 10.6 of the Court's Internal Operating Procedures;

(2) Appellant's notice of appeal, which may be construed as a request for a certificate of appealability under 28 U.S.C. § 2253(c)(1); and

(3) Appellant's motion to vacate and remand

in the above-captioned case.

                                Respectfully,

                                Clerk

_____ORDER_____

Taylor's motion to vacate the District Court's October 11, 2017 order dismissing his case is granted in part and denied in part. To the extent one is required, Taylor's request for a certificate of appealability is denied. See 28 U.S.C. § 2253(c)(2). Jurists of reason would agree that the District Court properly dismissed Taylor's complaint without prejudice to the extent that he sought habeas relief for unexhausted claims. See 28 U.S.C. § 2254(b)(1)(A); Coleman v. Thompson, 501 U.S. 722, 731 (1991); Moore v. DeYoung, 515 F.2d 437, 442 (3d Cir. 1975). The District Court's order is otherwise summarily affirmed to the extent that it dismissed Taylor's petition for habeas relief without prejudice. See 3rd Circuit LAR 27.4 and I.O.P. 10.6.

C.A. No. **17-3507**

ROBERT TAYLOR, Appellant

    VS.

DISTRICT ATTORNEY PHILADELPHIA, ET AL.

    (E.D. Pa. Civ. No. 2-17-cv-03369)

**Page 2**

_____

The District Court's October 11, 2017 order is summarily vacated to the extent that it dismisses Taylor's civil rights claims without analyzing whether Taylor is entitled to an opportunity to amend his complaint. See Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). As the District Court was not required to dismiss Taylor's complaint for seeking both habeas relief and relief for his civil rights claims in a single suit, cf. Harper v. Jeffries, 808 F.2d 281, 283 (3d Cir. 1986), this case is remanded for further proceedings in the District Court to determine in the first instance whether amendment of Taylor's civil rights claims would be appropriate.

                                      By the Court,

                                      s/ Morton I. Greenberg
                                          Circuit Judge

Dated: March 14, 2018
DWB/cc:
        Robert Taylor
        Dennis T. Kelly, Esq.

**Certified as a true copy and issued in lieu of a formal mandate on**   04/05/2018

Teste: *Patricia S. Dodszuweit*
**Clerk, U.S. Court of Appeals for the Third Circuit**