# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ROBERT TAYLOR**

PLAINTIFF

v.

**THE COMMONWEALTH OF**

**PENNSYLVANIA et al.,**

DEFENDANT

**CASE NO: 2:17-cv-03369**

**CIVIL ACTION NO.17-3369**



DEC 27 2018

By _____ Clerk

**MOTION TO VACATE**

**JURISDICTION**

**1. JURISDICTION HAS BEEN ESTABLISHED IN THIS CASE.**

**THIS IS PURSUANT TO THE FEDERAL RULES OF CIVIL**

**PROCEDURE RULE 60.(B)(1),(6) RELIEF FROM A**

**JUDGMENT OR ORDER, AND RULE 7.(B) (1) MOTIONS.**

2. Plaintiff, Movant Has Brought This Motion To Vacate Order To Dismiss His Civil Action

By THE COURT. Citing **FOMAN v. DAVIS, 371 U.S. 178, 181 (1962).** Plaintiff, Movant's

Motion For 42 U.S.C. s. 1983 Claim Was Dismissed In Its Entirety Summarily For Foregoing

Reasons That Plaintiff, Movant Did Not File A Response To Defendants Motion To Dismiss

And For Failure To State A Claim For Relief. Thus Was Delivered Throughout THE COURTS

Opinion, Inter Alia.

### FACTS AND GROUNDS

3. Plaintiff, Movant Brings This Motion On The Grounds That His 42 U.S.C. s. 1983 Claim

Was Filed By Way Of A Motion And Defendants Motion Was In Response To it. Plaintiffs

s.1983 Claim Exhibited Attachments In Support Of His Claim. In opposite All But One Of Defendants Responded With This Requirement, As Plaintiff Was Not Required To Respond To A Respond At This Point The Court Should Have Ordered For Discovery Of Evidence. In Accord with Federal Rules Of Civil Procedure, To Further Bring Forth Material Facts To Uphold The Claim, And To Suffice Any Other Inquiries THE COURT May Have Had. Also To See If There's Any Merit To Defendants. Instead Plaintiff , Movant Believes THE COURT Advocated For Defendants By Not Proceeding With This Procedure. Plaintiff, Movant Believes THE COURT Erred.

4. It Has Been Ruled That A Complaint Filing is Not Subject To Dismissal On The Ground That There Is A Failure To State A Claim Upon Which Relief Can Be Granted. Unless it Appears Beyond Doubt That The Plaintiff Can Prove No Set Of Facts In Support Of His Claim Which Would Entitle Him To Relief. CITING: **CONLEY v. GIBSON, 355 U.S. 41,45-46 78 S.CT. 99,101, 2 L.ED. 2D 80.**

5. Plaintiff, Movant Further Provides Grounds With Factual Evidence To Merit His Claim.THE COURT Granted Motion to Dismiss(Doc No.18) To The Commonwealth Court And Its Judge, For Various reasons The Plaintiff, Movant Will Address. Defendants Give Claim To Plaintiffs September 22, 2009 Arrest Commonwealth v. Taylor Doc.No. CP-51-Cr-009569-2010 For Various Firearm Offenses . As Already Contended Plaintiff , Movant States He Was Never Formally Charged. At The Time Of The Arrest Plaintiff Possessed A Valid Permit To Carry Firearms See (EXHIBIT (A) Firearms License). Plaintiff Was Also Undergoing a Commonwealth Court Civil Administrative hearing Proceeding In recognition Of Firearms Rights In Which He Was Deemed Eligible by The State But Was Awaiting A

Final Judgment. Plaintiff Avers This Arrest Was To Interfere And Strip Him Of His Rights Prior To. These Facts Present Grounds Of Extraordinary Circumstances.

6. The Proceeding Regarding Arrest Went Forth , Which Plaintiff Avers Was Flagrantly and Patently Unconstitutional. After A Trial Plaintiff Was Ruled Against. Two Timely Post Verdict Motions Followed On Behalf Of Plaintiff Resulting In Extraordinary Relief Being Granted Dismissing Alleged Charges. A City Ordinance Violation For (VUFA) M1 Was Imposed For A Term Of 11 in A Half To 23 Months Which Plaintiff Completed See (EXHIBIT (B) PRISON STATUS SHEET).

7. Plaintiff Did Not Have Probation as Defendants were Aware Of Yet Fabricated This To False Arrest And Imprison Plaintiff On The Date Of November 16, 2015 In Efforts To Make Him An Unlawful Citizen and Further Violate His Rights.

8. Plaintiffs Contention That Judge Palumbo Is in Clear Absence Of All Jurisdiction. In Connection With Commonwealth Court (CJC) Court System Have Conspired , Provided, And Fabricated Uncertified Court Information Regarding Plaintiff. This Has Been Supported With Aforementioned Facts In Paragraphs 5. And 6. Defendants Further Falsified Information Of Mental Health To Keep Plaintiff Detained, as Their Records Have Plaintiff Transferred To Norristown Mental Health Institution During Imprisonment  Period  But Plaintiff Spent his Entire Duration Of Detention at The (CFCF) Facility Citing: **PULLIAM v. ALLEN, 466 U.S. 522.** HELD judicial Immunity Is Not A Bar To Prospective, Injunctive Relief Against A Judicial Officer. Judicial Immunity Does  Not Extend To Injunctive , Equitable Relief. These Facts Inter Alia As Well As All Else That Has Been Brought Against Defendants. Therefore  Violating The Fourth, Eighth, And Fourteenth Amendment Rights Of

*Rev 10/2009*

Plaintiff And His 42 U.S.C. s. 1983 Claim Is Entitlement To Vacate Dismissal And Grant His Civil Action.

9. As For The Commonwealth of Pennsylvania, The Commonwealth Court (CJC) Motion To Dismiss Being granted For Reason That Action cannot Be Brought Against The State Claiming Eleventh Amendment Immunity. Plaintiff, movant Contends on grounds: First In Violation Of His Rights In Specifically The Fourth, Eighth, And Fourteenth Amendments To THE UNITED STATES CONSTITUTION, Plaintiff, Movants 42 U.S.C. s.1983 Claim Seeks Injunctive And Equitable Relief Against The State Not Monetary Damages. Therefore The Eleventh Amendment Claim Does Not Apply. Second Injunctive, Equity Actions Against State And State Officials Bars Eleventh Amendment As A Defense. Set Forth In **EX PARTE YOUNG 209,U.S. 123 (1908).**

10. THE COURT Granted Motion To Dismiss (Doc. No. 19) For Defender Association And Public Defender Chris Angelo. Plaintiff, Movant Contends On Grounds: THE COURT Overlooked The fact That Immediately After Being Detained Plaintiff Verbally Informed Defender association Not to Represent Him. After later Finding That This Had Not Been Adhered To. Plaintiff, movant gave Formal Written Termination On Date January 23, 2017. Public defender Disregarded And Continued To pose as Representative For Plaintiff. Whereby Removing Traditional Functions Of Counsel, Thus Becoming A State actor under Color Of State Law. Citing: **TOWER v. GLOVER, 467 U.S. 914 (1984).** Plaintiff Was Locked Away In Confinement, And Clearly Could Not have Been There At The Time Of Conspired Agreements, But The Constitutional And Civil Violations  That Took Place Could Not Have Been Done In The Manner Carried out Unless The Defendants Worked In Concert To Do So.

By The Actions Of The Defender Association And Its Public Defender Plaintiffs Fourth And Fourteenth Rights were Violated as Well Aforementioned 42 U.S.C. s. 1983 Claim. And Met State Claims Of Obstruction, Falsifying information, Providing False information, And all Other Counts Linked By Conspiracy.

11. The Monell Claim Plaintiff, Movant Brought Against The City Of Philadelphia Is To The City Of Philadelphia  (Municipality) Itself To Be Held accountable For the Deprivation of rights And Inappropriate Actions Of Its Agencies, And Subordinates. THE COURT Granted Motion To Dismiss (Doc. No. 20) To Defendants The City Of Philadelphia et al., Plaintiff, Movant Contends On Grounds: Officer Obrien Made An Unlawful Arrest On Plaintiff . As Already Stated Plaintiff Violated No Laws Neither Did He Have Probation. See Paragraphs 5. And 6. Of This Motion. Therefore Violating The Fourth And Fourteenth Amendment Rights Of Plaintiff, And 42 U.S.C. s. 1983 Claim. Plaintiffs Property Was Taken By Defendant He Was Cuffed, Harassed And Held in Police Car For Hours. The Defendant Incurred Counts Of Kidnapping, robbery, Defamation, Invasion Of Privacy, False Light Privacy, Intentional Infliction Of Emotional Distress, And Torture.

12. THE COURT Took Notice Of Public Records And Documents Outside The Pleadings. These records Were Unfactual  And Heavily Favored The State As It Was There Records. When discovery Should Have Been In Order under The federal Rules Of Civil Procedure.

13. THE COURT Granted Motion To Dismiss (Doc. No. 20) To Defendants The Philadelphia Prison System, (CFCF), The Philadelphia Sheriffs Office, Warden Gerald May, And Official Lebesco. Plaintiff, Movant Contends On Grounds: Defendant Philadelphia Prison System (CFCF) Held Plaintiff By False Imprisonment, Uncharged Through Fabricated Documents

And In Violation Of His Due Process, In Conspiracy With The Commonwealth Court. Plaintiff was Alleged To Have Been Deemed Mentally Incompetent And Transferred To A Mental Institution, But Was Actually Being Held At (CFCF) The Entire Time. Records Clearly Show This To Be True. This Was Also Done To Avoid Having To Release Plaintiff Under Pre Detainee Due Process. Pennsylvania Law Does Not Authorize The Holding Of Prisoners Without Being Charged. The Sheriffs Office Participated By Taking Plaintiff To The Commonwealth Court Within Specific Number Of Days To Meet Requirements Of Being Brought In, So As To Restart Incarceration Period, As Well As The Civil Violations Plaintiff Suffered In Sheriffs Custody While Held In Commonwealth Court Aforementioned In 42 U.S.C. s. 1983 Claim.

14. Thou THE COURT Seems To Acknowledge Conditions Of Confinement That Plaintiff, Movant Brought Forth, THE COURT Disagrees As To The Severity Of The Claim inter Alia.

15. Plaintiffs mail tampering, And Denial Of Access To The Court. Stated A Cause For Relief By The First And Fourteenth Amendments To The UNITED STATES CONSTITUTION, And plaintiffs 42 U.S.C. s. 1983 Claim On Grounds: The Actual Injury Sustained Was By Having To Remained Falsely Imprisoned Under The Conditions By Which plaintiff Was Held Under. Here THE COURT Overlooks The Fact That Plaintiffs Appeal Regarding His 28 U.S.C. s. 2241 Filing, And The THIRD CIRCUIT COURTS Response To it Was Confiscated By The (CFCF), As Well As His Filing Fee. At That Time The Rule Was not In Place To Transfer Appeals To The District Court. Due To Plaintiff Directly Sending Appeal To The THIRD CIRCUIT Unknowingly, it Was sent Back With Instructions By The CIRCUIT COURT BUT Plaintiff Never received This Citing: **HOUGHTON v. SHAFER, 392 U.S. 639,20 L.ED. 2D. 1319 88**

**S.CT. 2119 (1968).** See Paragraphs 24-35 Of Plaintiffs 42 U.S.C. s. 1983 Claim And Grievances On This Incident. His Appeal And Filing Fee Was Taken By (CFCF) Barring His Appeal THE COURT Mistakenly Overlooked This Fact.

16. Plaintiffs Overcrowding And Conditions Of Confinement Stated a Cause For Relief By The Fourth, Eighth, And Fourteenth Amendments To THE UNITED STATES CONSTITUTION, And Plaintiffs 42 U.S.C. s. 1983 Claim On Grounds: As For The Triple Celling, And Cold Air Conditions Suffered By Plaintiff That THE COURT Agrees Met Standards Of Constitutional Violations Relief Should Be Granted Accordingly. The Strip Searches That Plaintiff Suffered, Underwent Were Unjustified And Unrelated To Legitimate Safety Concerns. Plaintiff Was Routinely Strip Searched Throughout each Month On Housing Block Randomly, With No Infractions Precipitating From Him or His Cellmates. Plaintiff As Well As Entire Housing Block Would Be Strip Searched even If Someone Else Had Allegedly Done Something Unrelated To Plaintiff Whatsoever. Plaintiff Addresses This Practice In 42 U.S.C. s. 1983 Claim (EXHIBIT (B) GRIEVANCE DATED 10-25-2016).

17. PLAINTIFFS Pepper Spray Incident At (CFCF) State A Cause For Relief By The Eighth, And Fourteenth Amendments To The UNITED STATES CONSTITUTION, AND plaintiffs 42 U.S.C. s. 1983 Claim On Grounds: Plaintiff Was Not In a Physical Altercation With a Inmate Or Official When Defendants Confronted him To Warrant Plaintiff To Be Chemically Sprayed. In Fact Plaintiff Was Ordered From His Bunk He Complied, Then Was Ordered To Strip Down He Complied, And Then Sprayed Without Provocation. Plaintiff Was cuffed And Taunted By Supervising Sgt. Defendant as To Now Knowing The Effect Of The Weapon. After Being Held In Medical In Handcuffs For approx. 45 mins. With Painfully Burning Eyes

As Plaintiff Had An Allergic Reaction To The Chemical Spray. Plaintiff Was Told He Would Not Get Decontamination Treatment, And Was Taken To The Confinement Block Untreated Still suffering From injuries. See 42 U.S.C. s. Claim (EXHIBIT (D) Grievance Dated 7-7-2017). Amounting To Counts Of Assault, Battery, Intentional Infliction Of Emotional Distress, And Torture. This Clearly Establishes Culpability 1. The Disregard, And Unreasonableness Before The act, 2. The Purpose Of Wanting To Inflict injury as Well As Carrying It Out. 3. The Maliciousness That Took Place Afterwards Of Cruel And Unusual Punishment Not Allowing Plaintiff To Receive Treatment Care. THE COURT Overlooked These Facts.

18. The Eighth, And Fourteenth Amendment Violations Are widespread Throughout The (CFCF), Philadelphia Prison System. Evident By Records Of Incidences,  And Cases Brought Before THIS COURT.

19. Plaintiffs Religious And Discrimination Claims State A Cause For Relief. By The First And Fourteenth Amendments To The UNITED STATES CONSTITUTION, And Plaintiffs 42 U.S.C. s.1983 Claim On grounds: This Is an Ongoing Widespread Practice At (CFCF) Under The Supervision Of Warden Gerald may. By Being An Agency Unit And Official Of The City Of Philadelphia Therefore Come Under The Monell Claim. Plaintiffs Religious Food Dietary Is A Must Citing: **CRUZ v. BETO, SUPRA.  ; US. EX REL. WOLFISH v. LEVY, S.D.N.Y. 1977, 439 F.SUPP. 114 AFFIRMED 573 F.2D 118.** Plaintiffs Dietary needs were Never Met At (CFCF), This Was The Case For All Inmates Of Muslim Faith. During His Detention The Food Plaintiff Was Given He could Only Eat Parts Or None At All Due To It Not Being Of His Religious Diet, leaving Plaintiff Malnourished With Severe Weight Loss. Plaintiff Claims That The (CFCF) Prevented Him From Practicing Islam. THE COURT  Deemed That Plaintiff

Did Establish First, And Fourteenth Amendment Constitution Violation Claims (Doc. No.20. (4)a. ii). Monetary, and Injunctive Relief Should Be Granted Accordingly.

20. Plaintiffs Medical And Dietary Deprivations Claim State a Cause For Relief By The Eighth, And Fourteenth Amendments To The UNITED STATES CONSTITUTION, And Plaintiffs 42 U.S.C. s. 1983 Claim On Grounds: The Three Sets Of Injuries Where THE COURT Decided Against Plaintiff.(Doc. No.20 (5) a.) Here The Plaintiff Did Not Start Receiving Health Shakes, or asthma inhaler Until After A Year Of Being Incarcerated, Plaintiff was Forced To suffer In His Condition. And even After Finally Providing Plaintiff With These Needs (CFCF) medical Abruptly Stopped Issuing to Plaintiff. Plaintiff Only Received it For a Matter Of Months Approx. Two months, While Plaintiff Had Been Incarcerated For Nearly Two Years. Thirdly THE COURT Overlooked The fact That Regarding Pepper Spray Incident Plaintiff Did State That Prison officials Failed To Treat him Completely. See 42 U.S.C. s. Claim (EXHIBIT (D) Greivance Dated 7-7-2017). This Is An Ongoing Practice Of The Philadelphia Prison System Which is a Arm of The City Of Philadelphia. The Suffering Plaintiff Endured Amounted To Intentional infliction Of emotional Distress, Intentional Infliction of Starvation, Medical Neglect, Torture, And Aforementioned Constitutional violations.

21. Plaintiff, Movants Motion For Default Against The City Of Philadelphia et al., (Doc. No.16.) This Was Brought Due To Plaintiff, Movants Calculations That Defendant Had Responded After 21 Days Elapsed. But Since Plaintiff Movant Does Not Know Exactly When THE COURT  Started Count Of Days Plaintiff, Movant Concedes To THE COURTS  Decision On This Matter.

22. Plaintiffs 42 U.S.C. s. 1983 Claim, And Malicious Prosecution Under The Laws Of The Commonwealth Of Pennsylvania. Against Defendant Commonwealth District Attorneys Office Should Be Granted. The Defendant did not Respond By Motion. Plaintiff, Movant Is Entitled To Monetary Damages, And Injunctive Relief as To Enjoin Any Further Prosecution.

WHEREFORE, Plaintiff, movant  Moves For THE COURT  To Grant The Following Relief:

a.  Vacate Dismissal Order

b.  Accordingly Grant Plaintiffs 42 U.S.C. s. 1983 Amended Complaint

RESPECTFULLY SUBMITTED

12-26-18                 _Robert Taylor_                TO THE COURT:

DATE                    ROBERT TAYLOR

P.O.BOX 12524

PHILADELPHIA, PA, 19151

# THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**ROBERT TAYLOR**

    Plaintiff

    v.

**THE COMMONWEALTH OF**

**PENNSYLVANIA et al.,**

    Defendant

**CASE NO: 2:17-cv-03369**

**CIVIL ACTION NO. 17-3369**

## ORDER

AND NOW This _____ Of _____, 2018,
Plaintiffs Motion To Vacate Dismissal, And Plaintiff, Movants 42 U.S.C. s. 1983 Amended
Complaint Relief Is Granted.

**BY THE COURT,**

_____

J.

# VERIFICATION

IN COMPLIANCE PURSUANT TO 28 U.S.C. s 1746-UNSWORN
DECLARATIONS UNDER PENALTY OF PERJURY.

I Verify That Facts Set Forth Are True And Correct To The Best Of
Personal Knowledge, Information And Belief. "I Declare Or Verify
Under Penalty Of Perjury That The Foregoing Document Is True And
Correct."

Executed On     _12-26-18_     *Robert Taylor*

                 DATE             ROBERT TAYLOR

CERTIFICATE

IN COMPLIANCE PURSUANT TO 28 U.S.C. s 1746 – UNSWORN
DECLARATIONS UNDER PENALTY OF PERJURY.

I certify that facts set forth are true and correct to the best of personal knowledge, information
and belief. "I declare or certify under penalty of perjury that the foregoing is true and correct.

Executed on          12-26-18                    Robert Taylor

                        DATE                        ROBERT TAYLOR

*Rev. 10/2009*

# EXHIBIT

# (A)



**CONCEALED WEAPON OR FIREARM LICENSE**
STATE OF FLORIDA

TAYLOR ROBERT A
6139 ARCH ST
PHILADELPHIA, PA 19139

CHARLES H. BRONSON
COMMISSIONER

**Direct Inquiries To:**

Florida Department of Agriculture & Consumer Services

Division of Licensing, P.O. Box 6687

Tallahassee, FL 32314-6687

850/245-5691

Some Personal Information On License Has Been Omitted To Comply With The Courts Requirements Regarding Privacy Of Identity.

# EXHIBIT
# (B)

**PAROLE DATA SHEET**

Inmate's Name: _Robert A_ _____ _a/k/a_ PP #: _946579_ Inst #: _120274L_

You have recently been ordered by the Court to serve a sentence in the Philadelphia Prison System. Your sentence can either have a minimum and maximum term, or be for a flat term.

(M1) ⟷ CP 10L000556692010

Your specific sentence for bill and term # _____ is: _11 ½ - 23_
  Minimum date: _12-24-12_    Maximum date: _12-24-13_
  Earliest possible ET/GT date: _8-25-12_
  Special stipulations: _N/A_ _____

There are three ways to be released before your maximum date. They are:

1. **EARLY PAROLE:** This is when the Judge releases you at any time before your minimum sentence. Generally, you need to show that you have earned this privilege through your behavior or special circumstances.

2. **EARNED TIME/GOOD TIME** This is when you get credit off your minimum sentence for good behavior and participation in work assignments and programs. The most credit you can use is two days off per week in jail. You can also lose credits for disciplinary infractions.

3. **REGULAR PAROLE:** This is when the Judge releases you sometime between your minimum date and your maximum date.

**\*\*WITHIN 72 HOURS OF PAROLE BY THE JUDGE, YOU MUST REPORT TO THE INTAKE UNIT OF THE PHILADELPHIA ADULT PROBABATION DEPARTMENT, ROOM B-01 AT THE CRIMINAL JUSTICE CENTER, 1301 FILBERT STREET (215-683-7567).**

THE BETTER YOUR ADJUSTMENT AND YOUR EFFORTS TO MAKE POSITIVE CHANGES, THE BETTER YOUR CHANCES OF GOING HOME EARLY!!!

A progress report to accompany an Early Parole petition will be prepared by your social worker if requested by the Defender Association of Philadelphia. You should write to the Alternative Sentencing Unit at the Defenders Association after the disposition of all your open matters Review the Defender Association pamphlet in the Law Clinic. Your social worker will meet with you at this time to review parole procedures and your eligibility for parole consideration.

Your specific ~~EARLY PAROLE REVIEW~~ Adjustment Report DATE is: _11-26-12_

Be sure to contact me, or your current Social Worker, at this date to start this review.

I have read, or had read to me, the information above and understand my responsibilities about Parole.

_____     _____
Signature of Inmate                 Date

_____
Signature of Social Worker

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT
WAS SERVED BY CERTIFIED MAIL THIS DATE OF _12-26-18_____ TO:

NAME: _MARTHA GALE_____

ADDRESS: _ADMINISTRATIVE OFFICE oF PA COURTS_
    _1515 MARKET STREET SUITE 1414_
    _PHILADELPHIA, PA, 19102_____

FILED

DEC 27 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

_Robert Gayle_____

SIGNATURE

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT WAS SERVED BY CERTIFIED MAIL THIS DATE OF _12-26-18_ TO:

NAME: _ANDREW POMAGER_

ADDRESS: _CITY OF PHILADELPHIA, LAW DEPARTMENT_
_1515 ARCH STREET, 14TH Floor_
_PHILADELPHIA, PA, 19102_

_Robert Taylor_

SIGNATURE

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A COPY OF THE FOREGOING DOCUMENT
WAS SERVED BY CERTIFIED MAIL THIS DATE OF _12-26-18_____ TO:

NAME: _DENNIS T. KELLY_____

ADDRESS: _PHILADELPHIA DEFENDERS ASSOCIATION_
_1441 SAMSON STREET_____
_PHILADELPHIA, PA, 19102_____

_Robert Saylor_____

SIGNATURE

*Rev 10/2009*

P.O BOX 12524
PHILADELPHIA, PA, 1915



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7017 3040 0000 9822 6519



UNITED STATES
POSTAL SERVICE®

1005

19106-1729

U.S. POSTAGE PAID
PM 1-Day
PHILADELPHIA, PA
19104
DEC 26, 18
AMOUNT

**$10.15**

R2305K135490-24

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

601 MARKET STREET

PHILADELPHIA, PA 19106-9865