# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT TAYLOR,** | : |
| | : |
| Plaintiff, | : **CIVIL ACTION** |
| | : No. 2:17-cv-03369 |
| v. | : |
| | : |
| **COMMONWEALTH OF PENNSYLVANIA,** et al., | : |
| | : |
| Defendants | : |

## ORDER

AND NOW, this _____ day of _____, 2019, it is **HEREBY ORDERED** that Plaintiff's Motion to Vacate (ECF No. 22) is **DENIED**.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT TAYLOR,** | : |
| | : |
| Plaintiff, | : CIVIL ACTION |
| | : No. 2:17-cv-03369 |
| v. | : |
| | : |
| **COMMONWEALTH OF PENNSYLVANIA,** et al., | : |
| | : |
| Defendants | : |

**DEFENDANTS THE CITY OF PHILADELPHIA, OFFICER O'BRIEN,
WARDEN GERALD MAY, AND SGT. LEBESCO'S
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO VACATE**

The Court should deny Plaintiff Robert Taylor's Motion to Vacate the dismissal of his claims against, *inter alia*, the City of Philadelphia, Officer O'Brien, Warden Gerald May, and Sgt. Lebesco (collectively, the "Responding Defendants") because he has demonstrated no extraordinary circumstances warranting such relief and improperly attempts to appeal an alleged legal error through a Rule 60(b) motion.

Accordingly, Responding Defendants hereby file this response in opposition to Plaintiff's Motion to Vacate the dismissal and respectfully request the Court deny Plaintiff's motion.

**I. BACKGROUND**

Plaintiff Robert Taylor brought this § 1983 action alleging, *inter alia*, that Responding Defendants violated his constitutional rights during his arrest and subsequent detention. See generally Am. Compl. (ECF No. 10). On December 12, 2018, the Honorable Joel H. Slomsky granted Responding Defendants' Motion to Dismiss (ECF No. 14). Order 12/12/18 (ECF No. 21). Judge Slomsky also granted the Motions to Dismiss (ECF Nos. 11, 13) filed by the

remaining Defendants. Orders 12/12/18 (ECF Nos. 18, 19). On December 27, 2018, Plaintiff moved to vacate the dismissals, pursuant to Federal Rule of Civil Procedure 60(b)(1), (6). P.'s Mot. Vacate at 1 (ECF No. 22).

## II.   ARGUMENT

"[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . (6) any other reason that justifies relief." Fed. R. Civ. Proc. 60(b). There is "absolutely no ambiguity" over the rule that "a Rule 60(b) motion may not be sued as a substitute for an appeal, and that legal error, without more, does not warrant relief under that provision." James v. Virgin Islands Water & Power Auth., 119 F. App'x 397, 400 (3d Cir. 2005) (quoting United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003)) (accordingly affirming denial of motion based on Rule 60(b)(1) and 60(b)(6) where plaintiff alleged dismissal was a legal error by trial court). Relief under Rule 60(b)(6) requires the movant demonstrate "extraordinary circumstances." Atkinson v. Middlesex Cnty., 610 F. App'x 109, 112 (3d Cir. 2015) (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). The court should consider the interest in preserving the finality of a judgment when ruling on a Rule 60(b) motion. See id. (citing Gonzalez, 545 U.S. at 535).

Here, Plaintiff does not cite any extraordinary circumstances or new information, but merely appears to rehash his conclusory allegations against Responding Defendants. E.g., P.'s Mot. Vacate, at ¶ 11 ("Officer Obrien Made an Unlawful Arrest On Plaintiff."). Plaintiff's repeated assertion that the Court "overlooked" facts does not, in fact, introduce new evidence (much less new evidence not previously available to Plaintiff), but rather simply urges the Court to review its previously made legal determination. James and Fiorelli make clear that a Rule

2

60(b) motion is not a vehicle for Plaintiff to essentially appeal a dismissal based on legal error, and Plaintiff has presented no grounds for the dismissal to be vacated.

## III. CONCLUSION

For all of the reasons set forth above, Responding Defendants respectfully request that the Court deny Plaintiff's motion to vacate the dismissal.

Date:  January 14, 2019	Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　 _/s/ Andrew F. Pomager_____
　　　　　　　　　　　　　　　　　　　　　　　　　　Andrew F. Pomager
　　　　　　　　　　　　　　　　　　　　　　　　　　Assistant City Solicitor
　　　　　　　　　　　　　　　　　　　　　　　　　　Pa. Attorney ID No. 324618
　　　　　　　　　　　　　　　　　　　　　　　　　　City of Philadelphia Law Department
　　　　　　　　　　　　　　　　　　　　　　　　　　1515 Arch Street, 14th Floor
　　　　　　　　　　　　　　　　　　　　　　　　　　Philadelphia, PA 19102
　　　　　　　　　　　　　　　　　　　　　　　　　　215-683-5446 (phone)
　　　　　　　　　　　　　　　　　　　　　　　　　　215-683-5397 (fax)
　　　　　　　　　　　　　　　　　　　　　　　　　　andrew.pomager@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT TAYLOR,** | : |
| Plaintiff, | : CIVIL ACTION<br>: No. 2:17-cv-03369 |
| v. | : |
| **COMMONWEALTH OF PENNSYLVANIA,** et al., | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below the foregoing Defendants The City of Philadelphia, Officer O'Brien, Warden Gerald May, and Sgt. Lebesco's Response in Opposition to Plaintiff's Motion to Vacate was filed via the Court's electronic filing system and is available for downloading. I also certify that a copy has been served upon the Plaintiff by certified mail, postage prepaid, as follows:

Robert Taylor
P.O. Box 12524
Philadelphia, PA 19151
*Appearing pro se*

Date:  January 14, 2019

Respectfully submitted,

  /s/ Andrew F. Pomager_____
Andrew F. Pomager
Assistant City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov