IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT TAYLOR,<br><br>                Plaintiff,<br><br>   v.<br><br>THE COMMONWEALTH OF<br>PENNSYLVANIA, et al.,<br><br>                Defendants. | CIVIL ACTION<br>NO. 17-3369 |

**ORDER**

**AND NOW**, this 14th day of February 2019, upon consideration of Plaintiff Robert Taylor's Motion to Vacate Dismissal (Doc. No. 22), Defendants Criminal Justice Center and the Honorable Frank Palumbo's Response to Plaintiff's Motion (Doc. No. 23), and Defendants Gerald May, Officer Obrien, Sergeant Lebesco, and the City of Philadelphia's Response to Plaintiff's Motion (Doc. No. 24), it is **ORDERED** that Plaintiff's Motion to Vacate Dismissal (Doc. No. 22) is **DENIED**.[1]

---

[1] On September 22, 2009, Plaintiff Robert Taylor was arrested in Philadelphia and charged with various state offenses, including the possession of a firearm and making false statements to authorities. Commonwealth v. Taylor, Docket No. CP-51-CR-009569-2010 at 5 (Ct. Com. Pl. Philadelphia, filed July 28, 2010). After a trial, he was found guilty and sentenced to a county prison sentence and probation. Id. at 6-7.

On November 16, 2015, Plaintiff was arrested and detained for violating his probation. Id. at 19; (Doc. No. 10 at 3). His case was assigned to the Honorable Frank Palumbo, a judge on the Court of Common Pleas for Philadelphia County, who presides in the Philadelphia Criminal Justice Center ("CJC"). Throughout the proceedings, Plaintiff was housed at the CJC and the Curran-Fromhold Correctional Facility ("CFCF"). He claims that while detained at the CFCF, he was subjected to overcrowding, unreasonable searches, mail tampering, religious discrimination, and deprivation of his special dietary needs. (Doc. No. 10.)

In February 2016, the Court of Common Pleas appointed Assistant Defender Christopher Angelo from the Defender Association's Mental Health Unit to represent Plaintiff. (Doc. No. 13 at 4.) On January 23, 2017, Plaintiff told the Defender Association that he no longer wanted

1

---

it to represent him. Because he did not retain other counsel or express his desire to proceed pro se, the Defender Association continued to represent Plaintiff until he was released from custody on July 12, 2017. (Id.; Doc. No. 10 at 4.)

On April 23, 2018, Plaintiff, proceeding pro se, filed in this Court an Amended Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights arising out of his arrest on November 16, 2015 and his subsequent confinement at the CFCF. (Doc. No. 10.) Named as Defendants were the Commonwealth of Pennsylvania, the Philadelphia District Attorney's Office, the Philadelphia Criminal Justice Center ("CJC"), the Honorable Frank Palumbo, the City of Philadelphia, the Philadelphia Department of Prisons, the Curran-Fromhold Correctional Facility ("CFCF"), the Philadelphia Sheriff's Department, the Philadelphia Defender Association, Assistant Public Defender Christopher Angelo, Philadelphia Police Officer Obrien, CFCF Warden Gerald May, and Sergeant Lebesco, an official at the CFCF. (Id. at 1-2.) Plaintiff sued Defendants for injunctive and monetary relief.

On May 15, 2018, Defendants Criminal Justice Center and the Honorable Frank Palumbo filed a Motion to Dismiss the Amended Complaint. (Doc. No. 11.) Then, on May 25, 2018, Defendants Defender Association and Assistant Public Defendant Christopher Angelo filed a Motion to Dismiss the Amended Complaint. (Doc. No. 13.) On June 4, 2018, Defendants City of Philadelphia, the CFCF, the Philadelphia Prison System, the Philadelphia Sheriff's Department, Warden Gerald May, Officer Obrien, and Sergeant Lebesco filed a Motion to Dismiss the Amended Complaint. (Doc. No. 14.) Plaintiff did not file a response or request additional time to do so. Nor did he request the opportunity to further amend the Amended Complaint.

On December 12, 2018, the Court issued two separate Orders, one of which granted the Motion to Dismiss filed by the CJC and Judge Palumbo (Doc. No. 18), and one of which granted the Motion to Dismiss filed by the Defender Association and Assistant Public Defender Christopher Angelo (Doc. No. 19). That same day, the Court issued an Opinion and Order, granting the Motion to Dismiss filed by Defendants City of Philadelphia, the CFCF, the Philadelphia Prison System, the Philadelphia Sheriff's Department, Warden Gerald May, Officer Obrien, and Sergeant Lebesco. (Doc. Nos. 20, 21.)

On December 22, 2018, Plaintiff Robert Taylor filed the present Motion to Vacate the Court's Orders, pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 22.) In the Motion, he argues that the Court erred in granting Defendants' respective Motions to Dismiss and that the Court should vacate those Orders. (Id.) On January 8, 2019, the CJC and Judge Palumbo filed a Response to Plaintiff's Motion (Doc. No. 23), and on January 14, 2019, the City of Philadelphia, Warden Gerald May, Officer Obrien, and Sergeant Lebesco filed a Response to Plaintiff's Motion (Doc. No. 24). The Defender Association and Assistant Public Defender Christopher Angelo did not file a response.

Under Federal Rule of Civil Procedure 60(b), there are six grounds of relief from a final judgment order, that is, six ways to support a motion for reconsideration.

---

  (1) mistake, inadvertence, surprise, or excusable neglect;
  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
  (3) fraud (whether previously called intrinsic or extrinsic);
  (4) the judgment is void;
  (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6).

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010) (quoting Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quotation omitted)). Thus, a proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)). However, "[a] motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through—rightly or wrongly.'" In re Blood Reagents Antitrust Litig., 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)). Therefore, "[m]ere dissatisfaction with the Court's ruling . . . is not a proper basis for reconsideration." Progressive Cas. Ins. Co. v. PNC Bank, N.A., 73 F. Supp. 2d 485, 487 (E.D. Pa. 1999). Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." In re Asbestos Prods. Liab. Litig. (No. VI), 801 F. Supp. 2d 333, 334 (E.D. Pa. 2011) (quoting Cont'l Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)).

Here, Plaintiff asks the Court to vacate three Orders: (1) the Order granting the Motion to Dismiss filed by the CJC and Judge Palumbo; (2) the Order granting the Motion to Dismiss filed by the Defender Association and Assistant Public Defender Christopher Angelo; and (3) the Order granting the Motion to Dismiss filed by the City of Philadelphia, the CFCF, the Philadelphia Prison System, the Philadelphia Sheriff's Department, Warden Gerald May, Officer Obrien, and Sergeant Lebesco. The Court will address Plaintiff's arguments in turn.

Defendants CJC and the Honorable Frank Palumbo

Plaintiff argues that the Court should vacate its Order which dismissed his claims against the CJC and Judge Palumbo. He first contends that the Court made a mistake in granting Defendants' Motion to Dismiss and argues that his claims for injunctive relief against the CJC and Judge Palumbo should survive based on the doctrines espoused in (1) Pulliam v. Allen, 466

3

U.S. 522 (1984), and (2) Ex Parte Young, 209 U.S. 123 (1908). (Doc. No. 22 at 3-4.) The Court disagrees.

As noted above, Plaintiff sued the CJC and Judge Palumbo for injunctive and monetary relief, pursuant to Section 1983. The Court dismissed Plaintiff's claims against the CJC and Judge Palumbo, citing Defendants' Eleventh Amendment sovereign immunity. (Doc. No. 18.) Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Jones v. Sussex Correctional Institute, 725 Fed. App'x 157, 159 (3d Cir. 2017) (quoting Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)). Eleventh Amendment immunity protects not only states, but also state agencies. Fitchik v. New Jersey Transit Rail Operations, 873 F.2d 655, 659 (3d Cir. 1989) (en banc). Relevant here, courts have repeatedly found that the Court of Common Pleas is an arm of the Commonwealth of Pennsylvania, and as such, is entitled to Eleventh Amendment sovereign immunity which would bar a suit against it in federal court. See, e.g., Benn v. First Judicial Dist. of Pa., 426 F.3d 233, 240 n.1 (3d Cir. 2005). Thus, because the CJC is an arm of the Court of Common Pleas, the Court held that it was protected by the Eleventh Amendment and dismissed Plaintiff's Section 1983 claim against it. (Doc. No. 18.)

For similar reasons, the Court dismissed Plaintiff's Section 1983 claim against Judge Palumbo in his official capacity. (Id.) An official-capacity suit against a state official "is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Hence, by suing Judge Palumbo in his official capacity, Plaintiff actually sued the government entity of which Judge Palumbo is an agent—the Court of Common Pleas of Philadelphia. Therefore, the Court also dismissed Plaintiff's claims against Judge Palumbo on Eleventh Amendment grounds. (Doc. No. 18.)

Now, however, Plaintiff contends that the Court erred in dismissing his claim for injunctive relief against the CJC. In his Motion to Vacate Dismissal, he cites to Ex Parte Young, claiming that the case stands for the proposition that state agencies can be sued for injunctive relief. (Doc. No. 22 at 3-4.) But Plaintiff is incorrect. In Ex Parte Young, the United States Supreme Court held that private parties like Plaintiff could sue state officials in their official capacities under Section 1983 for injunctive relief. 209 U.S. at 155-56. Notably, the Court did not extend this doctrine to permit private parties to sue state agencies for injunctive relief pursuant to Section 1983. Consequently, Plaintiff's reliance on Ex Parte Young is unavailing.

Likewise, Plaintiff argues that the Court erred in dismissing his claim for injunctive relief against Judge Palumbo. In support of his argument, he cites to Pulliam, which held that Eleventh Amendment immunity does not bar injunctive relief against a judicial officer. 466 U.S. at 544. But Plaintiff ignores the Federal Courts Improvement Act of 1996 ("FCIA"). Pub. L. No. 104-317, 110 Stat. 3847. After Pulliam, Section 309(c) of the FCIA amended Section 1983 to provide that "'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (quoting 42 U.S.C. § 1983). In this instance, Plaintiff has not

4

alleged that a declaratory decree was violated or that declaratory relief is unavailable. Thus, Plaintiff's argument that the Court erred in rejecting his claim for injunctive relief lacks merit.

Plaintiff also argues that "newly discovered evidence" shows that he should not have been arrested on September 22, 2009 for possessing a firearm. (Doc. No. 22 at 2.) The alleged new evidence is a copy of Plaintiff's permit to carry a concealed weapon or firearm. (Doc. No. 22 at 15.) Newly discovered evidence on which a motion for relief from judgment is based must have been in existence at the time of the trial or hearing upon which the decision was based, but the movant must have been unable after some effort to have discovered the evidence before the court's decision. Ulloa v. City of Philadelphia, 692 F. Supp. 481, 483-84 (E.D. Pa. 1988). Further, the evidence must be material—that is, the evidence would have changed the court's decision if it had been introduced. Id.

Here, Plaintiff's argument fails for two reasons. First, introduction of this evidence would not have changed the Court's decision. Nowhere in the Amended Complaint did Plaintiff allege that the September 22, 2009 arrest was illegal or improper. Rather, the subject of the Amended Complaint was the November 16, 2015 arrest. (See Doc. No. 10.) As a result, whether Plaintiff had evidence to dispute his September 22, 2009 arrest would not have changed the Court's decision to dismiss claims related to his November 16, 2015 arrest. Second, even if this evidence were relevant, it is not newly discovered. Plaintiff has not shown that this evidence existed when the Motion to Dismiss was filed, but that after some effort, he could not discover it before the Court rendered a decision. Instead, this evidence appears to have been in his possession since his September 22, 2009 arrest. Consequently, Plaintiff's argument is without merit.

For these reasons, the Court will deny Plaintiff's Motion to Vacate Dismissal as it relates to the Court's Order dismissing Plaintiff's claims against Defendant CJC and Judge Palumbo (Doc. No. 18).

Defendants Defender Association and Assistant Public Defender Christopher Angelo

Next, Plaintiff contends that the Court erred in dismissing his claims against the Defender Association and Assistant Public Defender Christopher Angelo. He argues that the Court overlooked allegations that on January 23, 2017, he asked the Defenders Association to stop representing him, but they continued to do so. Plaintiff claims that this is evidence that the Defenders Association and Angelo conspired against him to keep him in jail. (Doc. No. 22 at 4-5.) The Court disagrees.

Section 1983 provides that every person who, acting under color of state law, subjects another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. But public defenders, like those employed at the Defender Association, do not act under color of state law when performing traditional functions of counsel to a defendant in a criminal proceeding. Pittman v. Martin, 569 Fed. App'x 89, 91-92 (3d Cir. 2014). Accordingly, they cannot be sued under § 1983 for their actions as public defenders. Polk Cty v. Dodson, 454 U.S. 312, 325 (1981). As a result, the Court dismissed Plaintiff's claims against these Defendants.

5

Nevertheless, Plaintiff claims that Defendants forfeited their Section 1983 immunity when they "conspired" with other parties to keep him in jail. (Doc. No. 22 at 4-5.) Public Defenders can be liable under Section 1983 if they conspire to deprive a plaintiff of his state rights with a state actor. See Pittman, 569 Fed. App'x at 91-92. But as explained by the Court in its Order granting Defendants' Motion to Dismiss, Plaintiff failed to plead facts sufficient to show the existence of a conspiracy between Defendants and a state actor. (See Doc. No. 19.) The fact that Defendants continued to represent Plaintiff after he verbally asked them to discontinue their services on January 23, 2017 does not show a conspiracy. A criminal defendant cannot dismiss court-appointed counsel unless he retains another attorney or wishes to represent himself. See Commonwealth v. Johnson, 663 A.2d 730 (Pa. Super. 1998). Here, the Philadelphia County Court of Common Pleas appointed the Defender Association to represent Plaintiff in his violation of probation case. Although Plaintiff asked the Defender Association to stop representing him, he did not retain other counsel and did not express his wish to proceed pro se. Thus, notwithstanding Plaintiff's request, the Defender Association and Assistant Public Defender Angelo could not withdraw from the case. Consequently, their decision to continue representing Plaintiff signals their compliance with the law; it does not demonstrate a conspiracy to keep Plaintiff confined.

For this reason, the Court will deny Plaintiff's Motion to Vacate Dismissal as it pertains to the Court's Order granting the Motion to Dismiss filed by the Defender Association and Assistant Public Defender Christopher Angelo (Doc. No. 19.)

Defendants City of Philadelphia, Warden Gerald May, Officer Obrien, and Sergeant Lebesco

Finally, Plaintiff contends that the Court erred by dismissing his claims against the City of Philadelphia, Warden Gerald May, Officer Obrien, and Sergeant Lebesco. In his Motion to Vacate Dismissal, Plaintiff claims that the Court overlooked allegations in the Amended Complaint and incorrectly concluded that he pleaded insufficient facts. (Doc. No. 22 at 5-10.) He does not bring forth newly discovered evidence and does not claim that the Court made a mistake. In short, he only disagrees with the Court's ultimate decision.

Relief under Federal Rule of Civil Procedure 60(b) is only available in extraordinary circumstances. Ibarra v. W.Q.S.U. Radio Broad Org., 218 Fed. App'x 169, 170 (3d Cir. 2007). A motion under Rule 60(b) cannot "be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." Scott v. Education Mgmt. Corp., No. 14-537, 2015 WL 12912387, at *1 (W.D. Pa. April 9, 2015) (citing Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988)). Here, Plaintiff is using his Motion to Vacate Dismissal as a vehicle to ask the Court to reconsider his previously rejected legal theories. He does not show extraordinary circumstances that require the Court to vacate its Order dismissing Plaintiff's claims against the City of Philadelphia, Warden Gerald May, Officer Obrien, and Sergeant Lebesco. He only repeats the facts alleged in the Amended Complaint. This is not enough.

BY THE COURT:


/s/ Joel H. Slomsky
JOEL H. SLOMSKY, J.

---

For this reason, the Court will deny Plaintiff's Motion to Vacate Dismissal as it pertains to the Court's Order granting the Motion to Dismiss filed by Defendants City of Philadelphia, Warden Gerald May, Officer Obrien, and Sergeant Lebesco (Doc. Nos. 20, 21).